McCALEB, Justice
(dissenting in part and concurring in part).
I cannot agree that the bill of information fails to set forth an offense. It charges “* * * that one, Joseph A. LaNasa, * * * being then and there, a person authorized under the law to practice medicine, did willfully and unlawfully fail to properly fill out a certificate of the death of one, Alice Busch, deceased, by failing to write with black ink on said certificate, as required by R.S. 40:154, contrary to the form of the statute of the State of Louisiana, * * Since R.S. 40:154 requires that all certificates of birth and death be written legibly in durable black ink, it is clear to me that the charge that defendant did not use black ink at all in filling out the certificate avers a violation thereof. If the ink is not black, the law is breached even though it be durable.
I have never understood that it is sacramental to charge an accused in the exact language of a statute. It is only necessary that the facts alleged disclose a violation *849 of law. Article 227 of the Code of Criminal Procedure, R.S. 15:227.
On the other hand, I am in accord with the ruling of the majority that Bill of Exceptions No. 2, which was taken to the overruling of the motion for a new trial, is well founded in view of the fact that the evidence showed that defendant used a blue-black ink. As the statute requires black ink, any durable ink denominated as black would seem to comply therewith.
I am therefore of the opinion that the conviction and sentence should be annulled and set aside.